IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| Lisa Smith, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| I.C. System, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

## **COMPLAINT**

For this Complaint, the Plaintiff, Lisa Smith, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Arkansas Fair Debt Collection Practices Act, A.C.A. § 17-24-501, *et seq.* ("AFDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Lisa Smith ("Plaintiff"), is an adult individual residing in Van Buren, Arkansas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant I.C. System, Inc. ("I.C."), is a Minnesota business entity with an address of 444 Highway 96 East, Saint Paul, Minnesota 55127-2557, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by I.C. and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. I.C. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to I.C. for collection, or I.C. was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. I.C. Engages in Harassment and Abusive Tactics

12. On or about January 29, 2020, I.C. called Plaintiff in an attempt to collect the Debt.

13. I.C. asked Plaintiff to confirm who she was.

14. Plaintiff asked the caller to provide her with its company name.

15. I.C. refused to identify itself to Plaintiff and demanded Plaintiff's name and address.

16. Plaintiff confirmed her name and restated her request for the company name.

17. I.C. responded: "I need you name, address, right now".

18. Having received no meaningful disclosure of the identity of the caller, Plaintiff refused to provide her address. I.C. terminated the call.

19. Plaintiff called I.C. back twice to get some resolution. I.C. refused to talk to Plaintiff.

20. Moreover, I.C. threatened "further action" against Plaintiff for refusing to verify her identity.

21. I.C.'s actions caused Plaintiff a significant amount of frustration, confusion and anxiety.

### C. Plaintiff Suffered Actual Damages

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ARKANSAS FAIR DEBT COLLECTION PRACTICES ACT – A.C.A. § 17-24-501, *et seq*.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Defendants' conduct violated A.C.A. § 17-24-505(a) in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

34. The Defendants' conduct violated A.C.A. § 17-24-505(b)(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

35. The Defendants' conduct violated A.C.A. § 17-24-506(a) in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

36. The Defendants' conduct violated A.C.A. § 17-24-506(b)(10) in that Defendants employed false and deceptive means to collect a debt.

37. The Defendants' conduct violated A.C.A. § 17-24-507(a) in that Defendants used unfair and unconscionable means to collect a debt.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the AFDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ARKANSAS DECEPRIVE TRADE PRACTICES ACT – A.C.A. § 4-88-101, *et seq.*

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq.*

42. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual damages and reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and A.C.A. § 17-24-512(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and A.C.A. § 17-24-512(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and A.C.A. § 17-24-512(3);

4. Actual damages pursuant to A.C.A. 4-88-113(f) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to A.C.A. 4-88-113(f) against the Defendants;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 8, 2020

                                        Respectfully submitted,

                                        By: */s/ Sergei Lemberg*

                                        Sergei Lemberg, Esq.
                                        LEMBERG LAW, L.L.C.
                                        43 Danbury Road, 3rd Floor
                                        Wilton, CT 06897
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorneys for Plaintiff